## S. G. BIGELOW v. D. WYGAL et al.

INSTRUCTIONS—*Harmless Error.* Where a jury are correctly instructed by the trial court upon all the law questions involved in the case, and the court in addition gives a slightly contradictory instruction, which clearly appears from the special findings of the jury not to have misled them, such additional instruction will not, under the circumstances, entitle the defeated party to a new trial.

### *Error from Miami District Court.*

ACTION to foreclose a mortgage. Judgment for defendants, *Wygal* and others. Plaintiff, *Bigelow,* brings the case here. The opinion states the case.

*W. B. Brayman,* for plaintiff in error.

*Selwyn Douglas,* and *W. T. Johnston,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the second time this case has been in this court. (*Wygal v. Bigelow*, 42 Kas. 477.) The facts of the case are fully shown in the statement of the former case. After the judgment of the court below was reversed by this court, a new trial was had, and it was found upon that trial that the market value in cash of the property described in the chattel mortgage, which was purchased by S. G. Bigelow, the mortgagee, at the mortgage sale on January 28, 1887, for $2,600, was $4,558.67. Wygal & Son also obtained a general finding that the notes secured by the mortgage sought to be foreclosed had been fully paid, and were no longer a lien upon the property mentioned therein. They recovered judgment against Bigelow for $600.67 and costs, taxed at $275.40.

Counsel for the plaintiff in error presents one exception only to the judgment. He insists that the court erred in informing the jury that the sale of the chattel property in a lump or in two lumps would be an unfair mode of sale, if the property brought less than its actual value. Prior to giving this instruction, the court charged the jury as follows:

"In this case, the defendants claim that the sale was conducted in a fraudulent manner, whereby the property was sacrificed. They claim that Bigelow had the property put up at public auction and sold in bulk, instead of selling the property in detail and separately, and for the purpose and with the intent of having the property sold cheaper and at a loss to them. This is what the defendants claim, and it is a question of fact for you to determine, from all the evidence, whether Bigelow did make such a sale with such intent and for that purpose. Before you can find from the evidence that Bigelow did make such a sale, you must find from the evidence that he did it for the very purpose of having the property sold at a sacrifice, and below what it would otherwise bring at such sale. If Bigelow made an honest mistake of judgment as to which mode of sale the articles would realize the most money, he is not liable to the defendants for such mistake.

"If the jury believe, from a preponderance of the evidence, that the plaintiff, in taking possession of the personal prop-

erty under the chattel mortgage, in advertising it for sale, in causing it to be sold in two lots only, and in bidding it off at $2,600, and, in all other matters connected with said sale, acted in good faith, then the jury ought to find for the plaintiff in the sum that they may find to be still due on the five notes, after giving the credits for interest paid on said notes, as hereafter in these instructions referred to, and after giving credits for the said sum of $2,600, the amount realized on the sale of the said personal property under the said chattel mortgage."

The argument is that the instruction about the sale in a lump or two lumps, being unfair, was erroneous, and, further, that as the instructions were contradictory, the jury were misled, and plaintiff below prejudiced thereby. It is hardly probable, in view of the very full instructions given, that the instruction complained of could have misled the jury in any way. If there were any doubt about this, the findings of the jury are conclusive that a new trial ought not to be granted. The jury found specially, in their answers to questions of fact, that the property described in the chattel mortgage would have brought more in the aggregate had it been offered for sale separately than it did bring in the manner in which it was sold, and that Bigelow, the mortgagee, had the property offered and sold in the manner it was for the purpose of having it bring a less sum of money than it otherwise would. These findings show that Bigelow did not make an honest mistake of judgment in offering and selling the property, but that he acted in bad faith toward the parties giving the chattel mortgage. He intentionally offered and sold the property in bulk to sacrifice the same for his own benefit; that is, that he might purchase the same at less than its actual value. Upon the special findings of the jury, Wygal & Son were entitled to judgment.

If any error was committed in any variance in the instructions, it plainly appears from the special findings of the jury that they were not misled thereby. The judgment will be affirmed.

All the Justices concurring.    —